866 F.2d 1415
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Ruth EDMONSON, Plaintiff-Appellant,
v.
Otis R. BOWEN, Secretary, Department of Health and Human
Services, Defendant- Appellee.
 No. 88-2081.
 United States Court of Appeals, Fourth Circuit.
 Argued: Nov. 3, 1988.
Decided: Jan. 27, 1989.
 
 Charles Terry Hall, for appellant.
 James Gordon Carpenter, Assistant United States Attorney (Margaret Person Currin, United States Attorney, on brief), for appellee.
 Before ERVIN and WILKINSON, Circuit Judges, and TERRENCE WILLIAM BOYLE, United States District Judge for the Eastern District of North Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 Ruth Edmonson appeals from a district court order affirming the denial of social security disability and supplemental security income benefits. We affirm.
 
 I.
 
 2
 At the time of the administrative hearing, appellant was 46 years old and had obtained a ninth grade education. Her past relevant work consisted of a position as a presser and garment inspector in a textile factory. Her most recent position, as a garment inspector, required her to stand and clip strings off of garments and check them for flaws. Appellant ceased working on October 1, 1984 because of alleged chest pain, arm pain, shortness of breath and headaches. Appellant attributes her headaches to a head injury she suffered in 1966 when a clump of her hair caught in a drill press and was pulled from her head. Appellant does not attribute her other pains to any particular precipitating cause. Appellant's daily activities, at the time of the hearing, included waking at 11:00 in the morning, fixing herself a meal, doing the dishes, reading the Bible, walking to her sister's house approximately a half block from her home, and resting.
 
 
 3
 On November 27, 1984, appellant applied for a period of disability, disability insurance benefits and supplemental security income alleging a disability beginning on October 1, 1984. Her application was denied both initially and upon reconsideration. A hearing was conducted before an administrative law judge (ALJ) who again denied benefits in a decision dated December 10, 1985. On appellant's request for review of this decision, the Appeals Council vacated the ALJ's decision and remanded the case to an ALJ for further proceedings in order to evaluate appellant's claim under the new mental criteria established in Hyatt v. Heckler, 757 F.2d 1455 (4th Cir.1985).
 
 II.
 
 4
 Under the Social Security Act, the scope of judicial review of the final decision of the Secretary is limited to whether, based on the record as a whole, the decision is supported by substantial evidence. 42 U.S.C.A. Sec. 405(g) (West 1983); Richardson v. Perales, 402 U.S. 389, 401 (1971).
 
 
 5
 Appellant asserts that appellee's decision denying her benefits should be reversed because the evidence clearly shows she meets Listing 12.05C and because there is no substantial evidence supporting appellee's finding to the contrary. Listing 12.05C provides for a finding of disability where the applicant has a "valid verbal, performance, or full scale IQ of 60 to 69 inclusive and a physical or other mental impairment imposing additional and significant work-related limitation of function." Appendix 1 to 20 C.F.R. Sec. 404.1500. The district court found that, because appellant has a performance IQ of 68, thus meeting the first half of the above Listing, she would be entitled to disability benefits if she also has a physical or other mental impairment which imposes additional and significant work-related limitations of function. The district court concluded, however, that "[n]either the medical evidence nor plaintiff's own testimony is consistent with a finding that plaintiff has mental or physical impairments which preclude her performing her previous work." We agree.
 
 
 6
 The appellant makes two arguments on appeal. Specifically, that the findings of no additional mental impairment and no physical impairment were not supported by substantial evidence. As to the issue of the appellant's additional mental impairments, this court agrees with the finding of the district court. After taking into consideration the opinions as well as the diagnoses of the various doctors, the district court concluded that appellant was not suffering any mental impairment beyond her functional retardation. The court took note that there was no testimony directly contradicting the observation that appellant suffers from anxiety, but determined that these comments alone did not provide a basis upon which to conclude appellant was legally disabled. The district court correctly gave more weight to the findings of a psychiatrist who examined the appellant and found no psychiatric disorder or mental impairment beyond her functional retardation. We find that there was substantial evidence to conclude that appellant did not suffer from an additional mental impairment.
 
 
 7
 The appellant's main contention on appeal is that the finding of no physical impairment was not supported by substantial evidence with respect to alleged respiratory ailments. The district court found that appellant's evidence on this issue "amounts to little more than an accumulation of complaints of pain." The only evidence appellant points to on appeal is the opinion of Dr. Sirisena that appellant has various physical limitations (can only stand and walk three to four hours in eight hour day and no more than thirty minutes at a time). The district court noted that "Dr. Sirisena's diagnosis of low breathing capacity was contradicted by the tester's observation that plaintiff did not cooperate during the treadmill test." Appellant argues that this does not taint Dr. Sirisena's opinion, since he offered his opinion with full knowledge of her poor cooperation on these tests. The Secretary responds that if Dr. Sirisena did not rely on the faulty test, the ALJ properly concluded that Dr. Sirisena's determinations as to appellant's work limitations were based only on the subjective complaints of the appellant. These determinations are further rebutted by the results of an examination given by Dr. Pomerans, who found appellant's lungs to be normal with no wheezing or restrictions. A chest x-ray revealed the lungs within normal limits without evidence of active disease, and Dr. Pomerans noted that appellant was capable of managing on her own behalf.
 
 
 8
 On review of the record as a whole, we hold that the ALJ's conclusion that appellant is not disabled is supported by substantial evidence.
 
 
 9
 AFFIRMED.